NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY WESTON,

Plaintiff - Appellant,

v.

ELIZABETH LEFITI; KATHY
MINELLA; MINELLA LAW GROUP,
APC,

Defendants - Appellees.

No. 24-541

D.C. No.
3:23-cv-00896-L-DDL

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted October 23, 2024**
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges

Plaintiff-Appellant Gregory Weston appeals an order granting Defendants-

Appellees' motion to dismiss Weston's single-count claim for unlawful interception

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and disclosure of a wire, oral, or electronic communication in violation of the Federal Wiretap Act, 18 U.S.C. §§ 2520(a), 2511(1)(a), (c). We review dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) de novo. *Carlin v. DairyAmerica, Inc.*, 705 F.3d 856, 866 (9th Cir. 2013). Similarly, "if a district court denies leave to amend based on the futility of the amendment or inability to allege a valid cause of action, we review the decision de novo." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 807 (9th Cir. 2020). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Title 18 U.S.C. § 2511(1)(a) criminalizes conduct involving an individual who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." Section 2511(1)(c) criminalizes the intentional and knowing disclosure of any illegally obtained wire, oral, or electronic communication. Congress also created a civil cause of action for violations of the Federal Wiretap Act, whereby "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation." 18 U.S.C. § 2520(a).

Section 2520(a)'s language concerning "violation[s] of this chapter" refers to

the Federal Wiretap Act's substantive provisions, in this case § 2511. In addition to stating the general elements of an illegal interception or disclosure, that section also specifically defines conduct that does *not* violate the Act. Relevant to this case, § 2511(2)(d) states:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

In other words, the Federal Wiretap Act does not apply "when at least one party to the communication has given prior consent," subject to one, limited exception. *Pyankovska v. Abid*, 65 F.4th 1067, 1074–75 (9th Cir. 2023).

The underlying communication at issue in this case is a telephone call between Weston and the Defendants-Appellees' non-party client in separate state court proceedings. Weston alleges that this non-party client used an iPad to record the telephone call. It is clear from the face of Weston's complaint that the recording, or intercepting, individual in this case was a "party to the communication," and thereby gave consent to that recording. 18 U.S.C. § 2511(2)(d). A violation of the Federal Wiretap Act under these circumstances thus depends on whether the telephone call

was "intercepted for the purpose of committing any criminal or tortious act." *Id.*[1]

Even if consent under § 2511 can accurately be characterized as an affirmative defense, "[w]hen an affirmative defense is obvious on the face of a complaint . . . a defendant can raise that defense in a motion to dismiss." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Here, where one party to a communication clearly consented to the interception of that communication, plaintiff must plead sufficient facts to support the inference that the communication was for the purpose of a criminal or tortious act independent of the act of recording. *See Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022) ("[C]riminal or tortious purpose must be separate and independent from the act of the recording.").

The district court correctly determined that Weston "failed to properly allege an independent criminal or tortious purpose for the recording." Weston's allegations that Defendants orchestrated the recording of the subject telephone call "with an intent to invade Plaintiff's privacy, unlawfully extort money from him, to cause Plaintiff emotional distress, and to cause Plaintiff adverse publicity to interfere with

---

[1] Weston's argument that the one-party-consent rule does not apply given Defendants' subsequent disclosure of a transcript of the telephone call misapprehends our case law. This is not a case involving "entities that surreptitiously duplicate transmissions between two parties," and thus, one-party consent and its accompanying criminal or tortious purpose exception apply to this case. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020).

current and prospective business relationships" fail because some do not involve an independent criminal or tortious purpose, while others lack anything beyond bare conclusory allegations. *See id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))).

To the extent Weston's invasion of privacy and emotional distress arguments stem from the mere act of recording, Weston has failed to adequately allege that the interception was done "for the purpose of facilitating some further impropriety, such as blackmail." *Sussman v. Am. Broad. Cos.*, 186 F.3d 1200, 1202 (9th Cir. 1999).[2] Weston's remaining allegations of extortion and intentional interference with his business relationships lack any factual support. *Oregon Clinic, PC v. Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1073 (9th Cir. 2023) ("[C]onclusory allegations, without more, are insufficient to defeat a motion to dismiss.").

Weston's failure to adequately allege a criminal or tortious purpose is fatal to his interception claim. Thus, we decline to weigh in on the issue of whether § 2520 permits this class of secondary liability claims. Finally, because we agree with the district court that there was no unlawful interception, Weston's § 2511(1)(c)

---

[2] The same is true of Weston's arguments that Defendants "violated Cal. Penal Code §§ 632 and 637" and "violated Weston's right to privacy under the California Constitution."

disclosure claim fails as a matter of law. *See Noel v. Hall*, 568 F.3d 743, 751 (9th Cir. 2009) ("This provision protects against the dissemination of private communications that have been *unlawfully* intercepted.")

2.      The district court did not err in denying Weston leave to amend his complaint for a second time. The district court made clear in its first order dismissing Weston's claims without prejudice that he had failed to plead a criminal or tortious purpose, noting "the complaint is devoid of any such explicit allegation and the Court is not required to read between the lines of Plaintiff's claims to discern malicious motive." The district court was thus not required to give Weston a third opportunity to cure the deficiencies in his complaint. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad" (cleaned up)).

**AFFIRMED.**